LATHAM & WATKINS LLP
   Susan Azad (Bar No. 145471)
   *susan.azad@lw.com*
   Laura R. Washington (Bar No. 266775)
   *laura.washington@lw.com*
355 South Grand Avenue
Los Angeles, California 90071
Telephone:   (213) 485-1234
Facsimile:    (213) 891-8763

Attorneys for Defendants
The Humane Society of the United States
 and Wayne Pacelle

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| HIROSHI HORIIKE (GENLIN), an individual, and WORLD DOG ALLIANCE LTD., a Hong Kong limited liability company,<br><br>                  Plaintiffs,<br><br>        v.<br><br>THE HUMANE SOCIETY OF THE UNITED STATES, a Delaware corporation; WAYNE PACELLE, an individual; and DOES 1 through 10, inclusive,<br><br>                  Defendants. | CASE NO. 2:15-cv-09386-JAK-KS<br><br>**DISCOVERY MATTER**<br><br>**STIPULATED ~~AND [PROPOSED]~~ PROTECTIVE ORDER** |

   **Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulated For Protective Order ("Stipulation") filed on August 12, 2016, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall**

**govern the pretrial phase of this action) except to the extent, as set forth**

**below, that those terms have been modified by the Court's amendment of**

**paragraph 5.3 of the Stipulation.**

## AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

Plaintiffs Hiroshi Horiike (Genlin) and World Dog Alliance, LTD. (collectively "Plaintiffs") and Defendants The Humane Society of the United States ("HSUS") and Wayne Pacelle ("Pacelle") (collectively "Defendants") by and through their respective counsel, hereby stipulate as follows:

### 1.    PURPOSES AND LIMITATIONS

Good cause exists for the entry of this protective order ("Protective Order"), which is necessary to prevent the unauthorized disclosure of confidential, proprietary, personal, private, or other sensitive information to third parties and to ensure that such information will be used only for purposes of this action.  There are a number of organizations and activists eager to obtain Defendants' documents and materials.  The parties believe that entering into this Protective Order will prevent the dissemination of discovery materials to third parties that are solely interested in harassing HSUS and its supporters.  Since filing this lawsuit, Plaintiffs have been contacted by organizations and individuals that are opposed to HSUS and/or its President, Wayne Pacelle.  Specifically, Plaintiffs were contacted by Humane Watch, a project of an organization dedicated to attacking Defendants, and would, without hesitation, publicly disseminate discovery materials obtained in this matter, and use them for other purposes.

---

[1] The Court's additions to the agreed terms of the Protective Order are generally indicated in bold typeface, and the Court's deletions are indicated by lines through the text being deleted.

STIPULATED ~~AND~~
~~[PROPOSED]~~ PROTECTIVE ORDER

Accordingly, the parties hereby stipulate to and petition the Court to enter the following Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge that this Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

Notwithstanding anything in this Protective Order, the parties agree that the disclosure of Protected Material, as defined in Section 2.13 below, shall not be used by the Receiving Party, as defined in Section 2.14 below, for any purpose other than prosecuting or defending this action, unless otherwise agreed to by the parties.

2.   **DEFINITIONS**

2.1   <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Protective Order.

2.2   <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored, or maintained) or tangible things that a Designating Party believes in good faith are confidential.

2.3   <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4   <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5   <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which they are generated, stored, or maintained

STIPULATED ~~AND~~
[PROPOSED] PROTECTIVE ORDER

(including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6   <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7   <u>House Counsel</u>:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8   <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9   <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party (and their support staff).

2.10  <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their respective support staffs).

2.11  <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12  <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13  <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14  <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**3**.   **<u>SCOPE</u>**

STIPULATED <s>AND</s>
<s>[PROPOSED]</s> PROTECTIVE ORDER

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

This Protective Order shall not apply to testimony or presentations at Court hearings or Court proceedings.  The Parties shall take up matters of confidentiality with the Court or judicial officer conducting such proceeding at the appropriate time in an effort to protect the material that is the subject of this Protective Order, subject to such Court or judicial officer's determination regarding how to treat such material at such proceeding.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1.    Manner and Timing of Designations.  Except as otherwise provided in this Protective Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Protective Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend

STIPULATED ~~AND~~
~~[PROPOSED]~~ PROTECTIVE ORDER

"CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") to each page that contains Protected Material.  If only a portion or portions of the material on a page qualify for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material within ten (10) calendar days after the receipt of the final transcript.

(c)  for testimony given in depositions that have occurred prior to entry of this Protective Order, that the Designating Party identify the Disclosure or Discovery Material within ten (10) calendar days after entry of this Protective Order.

(d)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.2    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

5.3    <u>Production of Privileged or Otherwise Protected Material</u>.  Pursuant to Federal Rule of Evidence 502(d), if in connection with the litigation, documents or information subject to a claim of attorney-client privilege, work product protection and/or any other privilege or protection from disclosure are disclosed ("Disclosed Information") by the Producing Party, the disclosure of such Disclosed Information

shall not constitute or be deemed a waiver of any claim of attorney-client privilege, work product protection, or any other privilege or protection that the Producing Party would otherwise be entitled to assert with respect to the Disclosed Information and its subject matter.

The Producing Party shall promptly notify the Receiving Party in writing of any claim of privilege with respect to Disclosed Information upon discovering the inadvertent disclosure.  Promptly upon notification, and in any event no later than five (5) business days after receiving notice, the Receiving Party**, whose obligations are set forth in Federal Rule of Civil Procedure 26(b)(5)(B),** shall return**, sequester,** and/or destroy all **originals and** copies of the Disclosed Information identified in the notice, and shall certify in writing that it has done so. In doing so, the Receiving Party shall not waiver or prejudice any challenge it may have to the alleged privileged status of the Disclosed Information.   Where the recovery and return/destruction of Disclosed Information results in material costs, the Receiving Party may apply to the Court to seek recovery of said costs.  If, after undertaking an appropriate meet-and-confer process, the parties are unable to resolve any dispute they have concerning the Disclosed Information, the Receiving Party may file the appropriate motion or application as provided by the Court's procedures to compel production of such material.

Nothing in this section or in this Protective Order waives or limits the protections afforded to the parties by the applicable Federal Rules of Civil Procedure.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq.*

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

## 7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this action only for prosecuting, defending, or attempting to settle this action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.  When the action has been terminated, a Receiving Party must comply with the provisions of section 12 below (FINAL DISPOSITION).  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this action,

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)     Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters and their staff;

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions, witnesses, and attorneys for witnesses, in the action to whom disclosure is reasonably necessary, provided that the deposing party requests that the witness sign the "Acknowledgment and Agreement to be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or a court order issued under the authority of any court or arbitral, administrative, or legislative body that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

STIPULATED ~~AND~~
~~[PROPOSED]~~ PROTECTIVE ORDER

(a)     promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issues, unless the Receiving Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all of the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to be Bound" that is attached hereto as Exhibit A.

**10.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

STIPULATED ~~AND [PROPOSED]~~ PROTECTIVE ORDER

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  The provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 11.   **MISCELLANEOUS**

11.1  <u>Right to Further Relief</u>.  Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

11.2  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.

11.3  <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

## 12.   **FINAL DISPOSITION**

After the final disposition of this action, as defined in Section 4, within 30 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to Producing Party or destroy such material.  As used

STIPULATED <del>AND</del>
<del>[PROPOSED]</del> PROTECTIVE ORDER

in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 30 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition, and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

### 13.   <u>VIOLATIONS OF THIS ORDER</u>

Any violation of this Protective Order may be punished by any and all appropriate measures, including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: August 15, 2016

**FERNALD LAW GROUP LLP**
BRANDON C. FERNALD
RACHEL D. STANGER
PAUL W. SANDE

By: /S/ BRANDON C. FERNALD
        BRANDON C. FERNALD

Attorneys for Plaintiffs
HIROSHI HORIIKE (GENLIN) and
WORLD DOG ALLIANCE LTD

STIPULATED ~~AND~~
~~[PROPOSED]~~ PROTECTIVE ORDER

1   DATED: August 15, 2016                          **LATHAM & WATKINS LLP**
                                                     SUSAN AZAD
2                                                    LAURA WASHINGTON

3                                                    By: /S/ SUSAN AZAD_____
                                                          SUSAN AZAD
4
                                                     Attorneys for Defendants THE
5                                                    HUMANE SOCIETY OF THE
                                                     UNITED STATES and WAYNE
6                                                    PACELLE

7

8                              ~~[Proposed]~~ **Order**

9

10  **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

11  Dated August 15, 2016

12                                          _____
                                            Hon. Karen L. Stevenson
13                                          United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED ~~AND~~
~~[PROPOSED]~~ PROTECTIVE ORDER

EXHIBIT A

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I,  [print or type full name], of [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on  _____, in the case of Hiroshi Horiike (Genlin) et al. v. The Humane Society of the United States et al., Case No. 2:15-cv-09386-JAK-KS.

I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint [print or type full name] of [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Executed on _____, 20 ___, at [city and state]

Printed Name: _____

Signature: _____

STIPULATED ~~AND~~
~~[PROPOSED]~~ PROTECTIVE ORDER